UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALVON SHONEER SURRELL, SR.,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No.  3:17-cv-00184-MMD-VPC

ORDER

Petitioner has submitted an application to proceed *in forma pauperis* (ECF No. 1) and a petition for a writ of habeas corpus. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition, and the court will dismiss this action. *See* 28 U.S.C. § 2243.

Petitioner is a pre-trial detainee, and he is a defendant in two cases before the Second Judicial District Court of the State of Nevada, numbers CR16-1240[1] and CR16-1245.[2] He alleges that former counsel, who is now a judge, provided ineffective assistance, that bail is excessive, and that police officers violated his rights guaranteed by the Fourth Amendment.

It is possible that petitioner sent the petition to the wrong court. The first page of the petition is captioned for the Second Judicial District Court, and petitioner invokes Nev.

---

[1] https://www.washoecourts.com/index.cfm?page=casedesc&case_id=CR16-1240 (report generated August 24, 2017).

[2] https://www.washoecourts.com/index.cfm?page=casedesc&case_id=CR16-1245 (report generated August 24, 2017).

Rev. Stat. § 34.360, not a provision of federal law, for why the petition should be considered. This court will consider the petition. In any event, this court needs to dismiss the petition, and petitioner needs to present his claims first to the state courts.

Federal courts should abstain from intervening in pending state criminal proceedings unless there are the extraordinary circumstances of a great and immediate danger of irreparable harm. *Younger v. Harris*, 401 U.S. 37, 45- 46 (1971); *see also Exh. Parte Royall*, 117 U.S. 241, 251 (1886). A court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

The four *Younger* factors are satisfied here. First, criminal proceedings are ongoing in state court. Second, prosecution of crimes is an important state interest. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Rose v. Mitchell*, 443 U.S. 545, 585 (1979); *Younger*, 401 U.S. at 43-44. Third, petitioner may raise his constitutional claims in the state courts, by motions before the trial court, on appeal, or in a post-conviction habeas corpus petition. Fourth, if this court granted petitioner relief, it would result in the termination of his state-court criminal action, which is an action that *Younger* disapproves. Because all four requirements are met, this court must abstain from considering the petition.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the clerk of the court will file the petition for a writ of habeas corpus.

It is further ordered that this action is dismissed without prejudice. The clerk of the court will enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 25th day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE